FILED 27 DEC '24 16:02 USDC-ORP

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

_____ Division

| | |
|---|---|
| John Fial and J.F., minor, by his next friend John Fial  ) <br> ) <br> ) <br> *Plaintiff(s)* ) <br> *(Write the full name of each plaintiff who is filing this complaint.* ) <br> *If the names of all the plaintiffs cannot fit in the space above,* ) <br> *please write "see attached" in the space and attach an additional* ) <br> *page with the full list of names.)* ) <br> ) <br> -v- ) <br> ) <br> State of Oregon ) <br> ) <br> ) <br> ) <br> *Defendant(s)* ) <br> *(Write the full name of each defendant who is being sued. If the* ) <br> *names of all the defendants cannot fit in the space above, please* ) <br> *write "see attached" in the space and attach an additional page* ) <br> *with the full list of names.)* ) | Case No. 3:24-CV-2157-IM <br> *(to be filled in by the Clerk's Office)* <br><br> Jury Trial: *(check one)* ☑ Yes ☐ No |

## COMPLAINT FOR A CIVIL CASE

### I. The Parties to This Complaint

**A. The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | John Fial and J.F., minor, by his next friend John Fial |
| Street Address | 2850 SW Cedar Hills Blvd. #1311 |
| City and County | Beaverton, Washington County |
| State and Zip Code | OR, 97005 |
| Telephone Number | 503-560-0278 |
| E-mail Address | johnfial@gmail.com |

**B. The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

109995

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

**Defendant No. 1**

- Name: State of Oregon
- Job or Title (if known): Office of the Attorney General
- Street Address: 1162 Court Street NE
- City and County: Salem, Marion County
- State and Zip Code: OR 97301-4096
- Telephone Number: 503-378-4400
- E-mail Address (if known):

**Defendant No. 2**

- Name:
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

**Defendant No. 3**

- Name:
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

**Defendant No. 4**

- Name:
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II.  Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[✓] Federal question  [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.  If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

42 U.S.C. § 1983; U.S. Constitution, First and Fourteenth Amendments. Also see attached Complaint.

### B.  If the Basis for Jurisdiction Is Diversity of Citizenship

1.  The Plaintiff(s)

    a.  If the plaintiff is an individual
        The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

    b.  If the plaintiff is a corporation
        The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____,
        and has its principal place of business in the State of *(name)* _____.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.  The Defendant(s)

    a.  If the defendant is an individual
        The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

      b.     If the defendant is a corporation

           The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

           Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.     The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

_____

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

See attached, section "V. Legal Claims" for details of below:

- Claim I: Violation of First Amendment Rights,
- Claim II: Violation of Fourteenth Amendment Due Process Clause, and
- Claim III: Violation of Fourteenth Amendment Equal Protection Clause.

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

See attached, Section "VI. Relief Sought", for details of:

- Declaratory Relief: Plaintiffs seek a declaratory judgment that ORS § 107.169(3) violates the First and Fourteenth Amendments to the U.S. Constitution as applied in this case;
- Injunctive Relief;
- Compensatory Damages; and
- Attorneys' Fees and Costs

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 12/27/2024

Signature of Plaintiff
Printed Name of Plaintiff   John Fial

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

Page 5 of 5

John Fial and J.F., Plaintiffs

v.

State of Oregon, Defendant

**Complaint for Declaratory and Injunctive Relief**

---

I. Introduction

1. **Nature of the Action**: This is a civil rights action challenging the constitutionality of Oregon Revised Statute § 107.169(3), which prohibits courts from ordering joint custody unless both parents explicitly agree. The statute unfairly and unconstitutionally limits judicial discretion, even when both parents are deemed fit and share equal parenting time. Plaintiffs allege that this law violates their rights under the First and Fourteenth Amendments to the United States Constitution by creating systemic barriers to meaningful co-parenting and decision-making in areas vital to the child's welfare, including religion, medical care, education, and international travel.

2. The statute has caused concrete harm to the Plaintiffs, particularly by granting unilateral authority to the custodial parent without regard for the non-custodial parent's fitness or the child's best interests. This prohibition on joint custody has resulted in heightened conflict, emotional stress for both father and child, and significant challenges in the areas of religious upbringing, healthcare, schooling,

and international travel. These injuries are not merely the result of parental disagreement; they are directly caused by the State's statutory prohibition on joint custody, which deprives the court of the ability to act in the child's best interest.

## II. Jurisdiction and Venue

2. **Jurisdiction**: This Court has jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(a)(3) (civil rights).

3. **Venue**: Venue is proper in the District of Oregon under 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred in this district, and the Defendant resides here.

## III. Parties

4. **Plaintiff John Fial**: Hereafter, "Father." A resident of Oregon and the father of J.F. Father shares equal parenting time with J.F.'s Mother, but is designated as the "*non-custodial*" parent under Oregon law.

5. **Plaintiff J.F.**: A minor child residing in Oregon, represented by his father, John Fial.

6. **Defendant State of Oregon**: The state responsible for enacting and enforcing the challenged statute.

## IV. Factual Allegations

7. **Custody Arrangement**: In December 2023, an Oregon court awarded sole legal custody of J.F. to his mother, Mother, despite both parents being deemed fit and sharing equal parenting time, due to ORS § 107.169(3).

8. **Religious Decision-Making**:

    a. Mother has unilaterally opposed Father from taking J.F. to religious services, causing stress and infringing upon both Father's and J.F.'s First Amendment rights.

    b. Earlier this year, J.F. expressed to Father in the safety of his home that his mother had told him not to pray in her home. In response, Father reassured J.F. that no one could prevent him from praying, and taught him that he could pray privately through simple gestures such as placing his hands together or bowing. This interaction underscores the stress and confusion caused by the current custodial framework, which restricts the non-custodial parent's ability to guide the child's religious upbringing and exposes the child to conflicting pressures.

9. **Medical Decision-Making:**

    a. In October 2024, the holistic clinic previously visited by the child closed, requiring the parents to find a new healthcare provider.

    b. Without consultation or consent, Mother selected a major healthcare provider, Providence, for the child's care and excluded Father from participating in this decision.

    c. Within two weeks and two visits to Providence, two medically unnecessary pharmaceutical prescriptions were prescribed to the child, against Father's educated input and the best interests of the child.

    d. Father opposes the overuse of medications, including over-the-counter drugs, which Mother administers without necessity.

    e. Mother has made false and baseless statements to the healthcare provider, exacerbating the situation and undermining Father's parental role.

---

**10. Educational Decision-Making**

    a. The child is enrolled at a private Montessori school where Mother is employed as a staff member, creating a conflict of interest and heightened tensions between the parents and school staff.

    b. The state's designation of Mother as the sole custodian has caused confusion among school staff and other parents regarding Father's parental role, despite his equal parenting time.

   c. During the summer school program, Father requested that the child be placed with an alternate teacher, rather than the child's regular school-year teacher, who previously committed perjury during the divorce trial.

   d. Mother unilaterally overruled this request and placed the child in the original classroom, causing unnecessary tension.

---

## 11. International Travel and Passport Issues

   a. In 2024, Mother applied for and renewed the child's passport without notice or consent from Father, in violation of co-parenting norms and reasonable expectations of joint decision-making.

   b. In August 2024, Mother provided only 45 hours' notice of a three-week international trip to Europe with the child, despite the legal expectation of prior notice and cooperation.

   c. On multiple occasions, Mother has withheld the child's passport, preventing Father from engaging in reasonable international travel plans with the child.

   d. These incidents highlight the harmful effects of the State's prohibition on joint custody, as such unilateral actions would not have been possible if joint custody had been ordered and cooperative agreements enforced.

12. **Impact on Parent-Child Relationship**: The inability to participate in joint decision-making has strained Father's relationship with J.F. and has caused psychological harm to both.

13. **Attempts at Resolution**: Father has sought to collaborate with Mother through parenting coordinators and direct communication, but these efforts have been unsuccessful due to the constraints imposed by the current custody law.

## V. Legal Claims

### Count I: Violation of First Amendment Rights

a. Plaintiffs incorporate by reference all preceding paragraphs.

b. ORS § 107.169(3) infringes upon Plaintiffs' rights to free exercise of religion by preventing Father from participating in decisions regarding J.F.'s religious upbringing.

c. The statute indirectly enabled actions that infringed on J.F.'s First Amendment right to freely practice his religion by limiting the plaintiff's ability to provide consistent guidance on religious matters.

d. Supporting case law includes:

   i. *Troxel v. Granville*, 530 U.S. 57 (2000) – Parental rights as a fundamental liberty interest.

      ii. *Pierce v. Society of Sisters*, 268 U.S. 510 (1925) – Rights of parents to direct the upbringing of their children.

### Count II: Violation of Fourteenth Amendment Rights

a. Plaintiffs incorporate by reference all preceding paragraphs.

b. The statute violates the Due Process Clause by denying Father a fundamental right to participate in decisions concerning his child's upbringing, despite being a fit parent with equal parenting time.

c. Unlike other states where judges may order joint custody in the child's best interest, Oregon's statute categorically denies this option, creating unnecessary conflict between fit parents and infringing on parental rights.

d. Supporting case law includes:

      i. *Troxel v. Granville*, 530 U.S. 57 (2000) – Parental rights as a fundamental liberty interest.

      ii. *Pierce v. Society of Sisters*, 268 U.S. 510 (1925) – Rights of parents to direct the upbringing of their children.

### Count III: Violation of Equal Protection Clause

a. Plaintiffs incorporate by reference all preceding paragraphs.

b. The statute discriminates against non-custodial parents who are otherwise fit and share equal parenting time, without a compelling state interest.

c. While the State may argue that limiting joint custody reduces parental conflict, in this case, the lack of judicial discretion has heightened conflict by granting one parent unilateral authority, exacerbating co-parenting challenges and harming the child's welfare.

d. States such as California and Washington allow judges to order joint custody when both parents are fit, even without mutual agreement. Oregon's deviation from this standard unnecessarily infringes upon constitutional rights.

e. This case raises significant constitutional questions that affect not only the plaintiffs, but also countless families across Oregon who face similar challenges under the current statutory framework.

---

## VI. Relief Sought

19. **Declaratory Relief**: Plaintiffs seek a declaratory judgment that ORS § 107.169(3) violates the First and Fourteenth Amendments to the U.S. Constitution as applied in this case.

20. **Injunctive Relief**: An injunction preventing the enforcement of ORS § 107.169(3) in cases where both parents are fit and share equal parenting time.

21. **Damages**: Compensatory damages of $75,000 for financial losses and $250,000 for emotional distress caused by ORS § 107.169(3).

22. **Attorneys' Fees and Costs**: An award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

23. **Other Relief**: Any other relief the Court deems just and proper.

## VII. Jury Demand

24. Plaintiffs demand a trial by jury on all issues so triable.

## VIII. Signature

Respectfully submitted,

John Fial

2850 SW Cedar Hills Blvd. #1311

Beaverton, Or 97005

johnfial@gmail.com

503-560-0278

*Pro Se* Plaintiff