IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JOHN FIAL**, individually and on behalf of **J.F.**, a minor,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>**DAN RAYFIELD**, **SADIE FORZLEY**, and **KATE E. MORROW**,<br><br>　　　　Defendants. | Case No. 3:24-cv-02157-IM<br><br>**OPINION AND ORDER GRANTING MOTION TO DISMISS** |

John Fial, Beaverton, OR 97005. Pro Se.

Sadie Forzley, Senior Assistant Attorney General, Kate E. Morrow, Assistant Attorney General, and Dan Rayfield, Attorney General, 100 SW Market Street, Portland, OR 97201. Attorneys for Defendants.

**IMMERGUT, District Judge.**

　　Plaintiffs John Fial and J.F. ("Plaintiffs") bring this action challenging the constitutionality of O.R.S. 107.169(3), a state statute that prohibits courts from ordering joint custody unless both parents agree to the terms and conditions of the order. This is the first of two related cases brought by Plaintiff Fial challenging the constitutionality of Oregon domestic

PAGE 1 – OPINION AND ORDER GRANTING MOTION TO DISMISS

relations statutes. *See Fial v. State of Oregon et al.*, Case No. 3:25-cv-00624-IM (challenging the constitutionality of Oregon statutes permitting courts to issue *ex parte* temporary restraining orders in circumstances of immediate danger or abuse).

Defendants Dan Rayfield, Attorney General of Oregon, Sadie Forzley, Senior Assistant Attorney General, and Kate E. Morrow, Assistant Attorney General (together "Defendants"), filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction and under Rule 12(b)(6) for failure to state a claim. Motion to Dismiss ("MTD"), ECF 12. Plaintiffs filed a response opposing the motion, Response ("Resp."), ECF 16, and Defendants filed a reply, ECF 18.

This Court concludes that Defendants are immune under the Eleventh Amendment and that Plaintiffs' claims do not fall within the *Ex parte Young* exception to sovereign immunity. This Court therefore lacks subject-matter jurisdiction over Plaintiffs' claims. Defendants' Motion to Dismiss, ECF 12, is granted, and Plaintiffs' Amended Complaint, ECF 10, is dismissed without prejudice.

## BACKGROUND[1]

Oregon's marital dissolution statutes provide that a court rendering a judgment of dissolution may provide for the custody, "by one party or jointly," of all minor children from the marriage. *See* O.R.S. 107.105. "Joint custody" is defined as "an arrangement by which parents share rights and responsibilities for major decisions concerning the child, including, but not limited to, the child's residence, education, health care and religious training." O.R.S. 107.169(1). At issue here is O.R.S. 107.169(3), which states that a court "shall not order" joint

---

[1] For purposes of the Motion to Dismiss, this Court takes the allegations of the complaint, summarized here, as true.

custody of a child "unless both parents agree to the terms and conditions of the order." If the parents do not want or cannot agree to joint custody, the court may provide for custody "by one party," with "parenting time rights" for the noncustodial parent. O.R.S. 107.105(1).

Plaintiffs are a father and child who allege that Plaintiff Fial "has been unconstitutionally designated a 'non-custodial' parent under ORS 107.169(3) solely because the child's mother refused to agree to joint custody." First Amended Complaint ("FAC"), ECF 10 at 4. Plaintiffs assert O.R.S. 107.169(3) violates (1) the First Amendment by "burdening a parent's and child's right to exercise religious freedom together," (2) the Due Process Clause by "depriving a fit parent of decision-making authority over their child," and (3) the Equal Protection Clause by "disproportionately impacting fathers and allowing one parent's veto to override the child's best interests."[2] *Id.* Plaintiffs seek a judgment declaring O.R.S. 107.169(3) unconstitutional and injunctive relief prohibiting Defendants from enforcing this law. *Id.* at 5.

## STANDARDS

"Federal courts are courts of limited jurisdiction" and are presumed to lack jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The party invoking federal jurisdiction thus bears the burden of establishing subject-matter jurisdiction. *Id.*

Federal Rule of Civil Procedure 12(b)(1) provides that a defendant may move to dismiss a complaint for lack of subject-matter jurisdiction. A Rule 12(b)(1) jurisdictional challenge may be either "facial" or "factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* Facial attacks require the court to

---

[2] Plaintiff does not state a particular cause of action. This Court construes Plaintiffs' claims as arising under 42 U.S.C. § 1983.

PAGE 3 – OPINION AND ORDER GRANTING MOTION TO DISMISS

assume all allegations in the complaint are true and draw all reasonable inferences in the plaintiff's favor. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). A factual attack, by contrast, "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Meyer*, 373 F.3d at 1039. In resolving a factual attack on jurisdiction, the court may review evidence beyond the complaint. *Id.*

Plaintiffs are self-represented, so the Court will construe their pleadings liberally and afford them the benefit of any doubt. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

## DISCUSSION

This Court first addresses the *Rooker-Feldman* doctrine and concludes that, to the extent Plaintiffs are challenging the state court's application of O.R.S. 107.169(3) to Plaintiff Fial's divorce proceeding, *Rooker-Feldman* bars Plaintiffs' claims. This Court then addresses *Younger* abstention and finds that abstention is inappropriate in this case because Plaintiff Fial's divorce proceeding, while ongoing, does not fall into any of the categories of cases to which *Younger* applies. Finally, this Court addresses Eleventh Amendment sovereign immunity and concludes that Defendants lack sufficient enforcement authority over O.R.S. 107.169(3) to fall within the *Ex parte Young* exception. Plaintiffs' claims are therefore dismissed for lack of subject-matter jurisdiction.

### A.  *Rooker-Feldman* Doctrine

Defendants argue that Plaintiffs' challenge to O.R.S. 107.169(3) is barred by the *Rooker-Feldman* doctrine. MTD, ECF 12 at 4. *Rooker-Feldman* "forbids a losing party in state court from filing suit in federal district court complaining of an injury caused by a state court judgment." *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013) (citing *Skinner v. Switzer*, 562 U.S. 521 (2011)). Federal district courts "may not entertain appeals of state court

judgments," which should instead be considered by a state appellate court. *Miroth v. County of Trinity*, 136 F.4th 1141, 1146 (9th Cir. 2025). A challenge to a state trial court's judgment in federal court thus amounts to a "forbidden de facto appeal." *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003). *Rooker-Feldman* does not, however, bar jurisdiction where "a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party." *Id.* at 1164. A "statute or rule governing" the state court's decision therefore "may be challenged in a federal action." *Skinner*, 562 U.S. at 532.

Plaintiffs allege that Plaintiff Fial was "unconstitutionally designated a 'non-custodial' parent under ORS 107.169(3)." FAC, ECF 10 at 4. Plaintiffs do not expressly state whether they challenge O.R.S. 107.169(3) on its face or as it was applied to them. Defendants argue Plaintiffs' challenge, "styled" as a facial challenge, "stems directly from the state court's application of ORS 107.169(3) in Plaintiff Fial's divorce case." *Id.* Defendants also argue that evaluating Plaintiffs' claims would require this Court "to examine the application of state laws in the underlying state court case," demonstrating that his facial challenge is "inextricably intertwined" with the state divorce proceedings. *Id.* at 6.

The Court agrees with Defendants that, to the extent that Plaintiffs' Amended Complaint may be read as challenging the application of O.R.S. 107.169(3) to the facts that were litigated in Plaintiff Fial's divorce case, such a challenge would be barred by *Rooker-Feldman*. Plaintiffs' allegation that Plaintiff Fial was "unconstitutionally designated a 'non-custodial' parent" in his divorce case suggests that any as-applied challenge is "inextricably intertwined" with the state court's decision. Adjudicating such a claim would "undercut the state ruling or require [this Court] to interpret the application of state laws" to Plaintiff Fial's divorce case. *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008).

PAGE 5 – OPINION AND ORDER GRANTING MOTION TO DISMISS

To the extent Plaintiffs challenge the constitutionally of O.R.S. 107.169(3) on its face, however, Plaintiffs' claims would not be barred by *Rooker-Feldman*. The Ninth Circuit has made clear that seeking relief from a state court judgment "is not the same thing as seeking relief that would ameliorate the effects of an adverse state court judgment." *Miroth*, 136 F.4th at 1154. So long as Plaintiffs bring an "independent claim" in federal court, the fact that "the same or a related question" was presented in state court is no impediment to federal jurisdiction. *Skinner v. Switzer*, 562 U.S. 521, 532 (2011) (cleaned up). This Court notes that Plaintiffs do not appear to allege that the state court committed legal error in its application of state law in Plaintiff Fial's underlying divorce case, but instead categorically challenge the constitutionality of the law itself. *See* FAC, ECF 10 at 3; *Noel*, 342 F.3d at 1157. Ruling on the constitutionality of O.R.S. 107.169(3) generally would not "require review of a judicial decision" in Plaintiff Fial's state divorce proceeding. *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 487 (1983). Regardless, Plaintiffs' claims are barred by sovereign immunity, as explained below.

## B. *Younger* Abstention

Defendants argue this Court should abstain from this case under *Younger v. Harris*, 401 U.S. 37 (1971). MTD, ECF 12 at 12–15. *Younger* abstention reflects "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). *Younger* applies only to three categories of cases: (1) "ongoing state criminal prosecutions"; (2) "certain civil enforcement proceedings"; and (3) civil proceedings "involving certain orders . . . uniquely in the furtherance of the state courts' ability to perform their judicial functions." *Applied Underwriters, Inc. v. Lara*, 37 F.4th 579, 588 (9th Cir. 2022) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013).

PAGE 6 – OPINION AND ORDER GRANTING MOTION TO DISMISS

Defendants argue this case falls into the third category, certain civil proceedings. MTD, ECF 12 at 13. This category "is exceedingly narrow," *Jeremiah M. v. Crum*, 695 F. Supp. 3d 1060, 1080 (D. Alaska 2023), and only covers proceedings that would interfere with "the state courts' ability to enforce compliance with judgments already made," *Cook v. Harding*, 879 F.3d 1035, 1041 (9th Cir. 2018). It has been invoked in cases concerning "core orders involv[ing] the administration of the state judicial process—for example, an appeal bond requirement, a civil contempt order, or an appointment of a receiver." *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014) (cleaned up) (citations omitted).

Defendants state that "[t]he underlying state proceeding is a domestic relations case that involves a child custody order," and that Oregon courts generally "have continuing jurisdiction to modify a child custody order." MTD, ECF 12 at 13. Judgment was entered in Plaintiff Fial's divorce proceeding on March 28, 2024, dissolving his marriage and awarding money. Declaration of Kate Morrow, ECF 14-2, Ex. 2 at 1; *see Lina Fial v. John David Fial*, Multnomah Cnty. Cir. Ct. No. 22DR20256. Plaintiff Fial is appealing the state court's monetary award in that judgment. *See* Oregon Appellate Brief, ECF 16-3, Ex. B.

Defendants do not explain why Plaintiff Fial's appeal in the state court action falls into the third category of cases under the *Younger* doctrine, nor do Defendants cite any cases supporting their position. That Oregon courts generally retain jurisdiction to modify a child custody order does not necessarily mean Plaintiffs' constitutional challenge here would implicate those courts' ability to enforce compliance with the March 28, 2024, judgment. *See Jonathan R. ex rel. Dixon v. Justice*, 41 F.4th 316, 331 (4th Cir. 2022) (holding that ongoing dependency proceedings fall outside the third category). Nothing about adjudicating this action would interfere with "the state court's ability to enforce compliance with" that judgment. *Cook*, 879

PAGE 7 – OPINION AND ORDER GRANTING MOTION TO DISMISS

F.3d at 1041 (holding abstention under *Younger* was inappropriate where the plaintiff challenged the constitutionality of a statue, not the process by which state courts compelled compliance with parentage determinations under state law); *see also Rynearson v. Ferguson*, 903 F.3d 920, 927 (9th Cir. 2018) (holding that a statute's "constitutionality does not bear on . . . the procedures by which the state courts issue or enforce" orders). This Court does not accept Defendants' interpretation of *Younger*, which would effectively extend it "to every case in which a state judicial officer resolves a dispute between two private parties." *ReadyLink*, 754 F.3d at 760. Because this case does not fall within any of the limited categories of civil cases under *Younger*, this Court does not address the *Middlesex* factors.

### C. Eleventh Amendment Sovereign Immunity

Defendants argue they are immune from suit under the Eleventh Amendment. MTD, ECF 12 at 6. Plaintiffs assert their claims are permissible under *Ex parte Young*. Resp., ECF 16 at 9.

The Eleventh Amendment generally bars suits against non-consenting states. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 (1984); *Papason v. Allain*, 478 U.S. 265, 276–78 (1986). The Supreme Court recognized a limited exception to state sovereign immunity in *Ex parte Young*, 209 U.S. 123 (1908). Under this exception, "suits seeking prospective relief under federal law" brought "against state officials sued in their official capacities," *Planned Parenthood Great Nw. v. Labrador*, 122 F.4th 825, 841–42 (9th Cir. 2024), are permissible so long as the state official has "some connection with the enforcement" of the challenged act, *Ex parte Young*, 209 U.S. at 157. To have a sufficient connection to enforcement, the state official must have "a relevant role that goes beyond 'a generalized duty to enforce state laws or general supervisory power over the persons responsible for enforcing the challenged provision.'" *Mecinas v. Hobbs*, 30 F.4th 890, 904 (9th Cir. 2022) (quoting *Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908, 919 (9th Cir. 2004)). Otherwise, a plaintiff would be

PAGE 8 – OPINION AND ORDER GRANTING MOTION TO DISMISS

"merely making [the official] a party as a representative of the state, and thereby attempting to make the state a party." *Ex parte Young*, 209 U.S. at 157.

Defendants argue that the Eleventh Amendment bars this suit because Oregon has not waived immunity, and that *Ex parte Young* does not apply because "neither the Attorney General nor AAGs Forzley and Morrow has direct authority over or principal responsibility for enforcing ORS 107.169(3)." MTD, ECF 12 at 8.

This Court agrees. The Attorney General is not responsible for implementing or enforcing O.R.S. 107.169(3). Instead, the statute only defines the circumstances under which state courts may order joint custody. O.R.S. 107.169(3) ("The court shall not order joint custody, unless both parents agree to the terms and conditions of the order."); *see also* O.R.S. 107.105 (authorizing a state court to decide custody); O.R.S. 107.137 (listing the factors courts consider in determining custody). Though the Attorney General is responsible for defending the state and, when appropriate, its officers in court, O.R.S. 180.060(1), that general duty does not establish the requisite "direct authority over" O.R.S. 107.169(3) to satisfy *Ex parte Young*. *See Nat'l Audubon Soc'y, Inc. v. Davis*, 307 F.3d 835, 847 (9th Cir. 2002); *Long v. Van de Kamp*, 961 F.2d 151, 152 (9th Cir. 1992) (per curiam) (holding that the general supervisory powers of a state attorney general are insufficient to establish the connection with enforcement required by *Ex parte Young*).

This Court therefore concludes that *Ex parte Young* does not apply, so Defendants are immune from suit, and this Court lacks subject-matter jurisdiction over Plaintiffs' claims.[3]

---

[3] The Court notes that *Ex parte Young* generally does not allow for courts to issue injunctive relief directly against state courts or judges. *See Whole Woman's Health v. Jackson*, 142 S. Ct. 522, 532–34 (2021); *Ex parte Young*, 209 U.S. at 163. Plaintiff's remedy may, therefore, be to appeal the custody determination to the Oregon Court of Appeals, rather than seek review in federal court. *See Lindke v. Tomlinson*, 31 F.4th 487, 495 n.2 (6th Cir. 2022);

PAGE 9 – OPINION AND ORDER GRANTING MOTION TO DISMISS

Plaintiffs' Amended Complaint, ECF 10, is dismissed without prejudice. *See Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999) (dismissals for lack of jurisdiction should be without prejudice).

## CONCLUSION

Defendants' Motion to Dismiss, ECF 12, is GRANTED. Plaintiffs' Amended Complaint, ECF 10, is DISMISSED without prejudice. Because this Court lacks subject-matter jurisdiction, Plaintiff's Motion for Summary Judgment, ECF 21, is DENIED as moot.

**IT IS SO ORDERED.**

DATED this 28th day of July, 2025.

/s/ Karin J. Immergut  
Karin J. Immergut  
United States District Judge

---

*Whole Woman's Health*, 142 S. Ct. at 532 (noting the "traditional remedy" when a state court errs is "some form of appeal").

PAGE 10 – OPINION AND ORDER GRANTING MOTION TO DISMISS